IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-368-BO

| | | |
|---|---|---|
| CESSALIE BRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 4, 2016, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on August 1, 2012, alleging disability since September 30, 2011. After initial denials, a video-hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 2, 2015. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the

2

claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined at step one that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's systemic lupus erythematosus with rash, neutropenia, thrombocytopenia, leukopenia, anemia, hypokalemia, hypocalcemia, lupus nephritis, arthralgias, and hypertension were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff could perform light exertional work with postural and environmental limitations. The ALJ then found that plaintiff could return to her past relevant work as a general office clerk, and alternatively that there were other jobs in the national economy that plaintiff could perform, including information clerk, mail clerk, and library clerk. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

The ALJ erred in finding that plaintiff did not meet the criteria for Listing 14.02 for systemic lupus erythematosus. Listing 14.02A requires that a claimant's condition involve two or more body systems/organs with 1) one of the organs/body systems involved to at least a moderate level of severity and 2) at least two of the constitutional symptoms or signs, including severe fatigue, fever, malaise, or involuntary weight loss. 20 C.F.R. Pt. 404, Subpt. P. App'x I §

3

14.02. Substantial evidence supports the ALJ's finding that plaintiff had demonstrated that her "lupus does affect several body systems to at least a moderate level of severity," thus satisfying the first criteria of Listing 14.02A. Tr. 23. The ALJ went on, however, to find that the record did not support the presence of two of the constitutional symptoms as defined by the Listing. Specifically, the ALJ found that while plaintiff had lost weight it was not as significant as she had testified to and that while plaintiff complained of fatigue she only did so now and again. Tr. 23.

As plaintiff correctly argues, the Listing does not require that weight loss be significant, only that it be involuntary. *See Radford v. Colvin*, 734 F.3d 288, 293 (4th Cir. 2013) ("We therefore reject the Commissioner's invitation to read an additional . . . requirement into Listing" criteria).[1] Over a period of four years, plaintiff's weight dropped from 138 to 119 pounds. *See, e.g.,* Tr. 818, 421, 956. Plaintiff testified at the hearing that she did not intend to lose weight. Tr. 53. In the absence of contrary evidence suggesting that plaintiff's weight loss was due to some other factor, substantial evidence supports a finding that plaintiff's lupus caused unintentional weight loss.[2]

The record further supports that plaintiff suffered from malaise. Malaise is defined in the medical community as a "feeling of general discomfort or uneasiness," and is defined by the Social Security regulations as "frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function." STEDMAN'S

---

[1] The Court is further instructed by the definitions provided by the SSA which apply the modifier of "severe" only to fatigue and not to other enumerated examples of constitutional symptoms. 20 C.F.R. Pt. 404, Subpt. P. App'x I § 14.00C(2).

[2] The Commissioner's argument that plaintiff's weight loss would be better attributed to her persistent need for steroids and mouth ulcers misses the mark. The steroid prescriptions and mouth ulcers were both caused by her lupus, and thus the weight loss can be properly attributed to the underlying condition.

4

MEDICAL DICTIONARY 1145 (28th ed. 2006); 20 C.F.R. Pt. 404, Subpt. P. App'x I § 14.00C(2). Substantial evidence in the record supports that plaintiff suffered from malaise, including generalized joint pain, aches all over, joint aches, and arthritis flares. Tr. 291, 324, 568, 953. That plaintiff did not suffer from constant malaise does not undermine her contention that her malaise was frequent or significant. Lupus is a condition which "can present in a highly variable pattern, producing severe symptoms intermittently with intervening periods of relative remission." *Edwards v. Colvin*, CIV.A. 3:12-693-RMG, 2013 WL 4018557, at *3 (D.S.C. Aug. 5, 2013). The record here indeed reflects that plaintiff appeared at times to be doing well and not suffering from serious symptoms. The balance of the record reflects however that plaintiff's condition persists despite extensive immunosuppression treatment, Tr. 507, and that when she is experiencing a flare-up of her disease plaintiff is often hospitalized and suffering from severe symptoms which would prevent her from work. *See, e.g., Parish v. Califano*, 642 F.2d 188, 193 (6th Cir. 1981) (where condition is "subject to [] periods of remission and exacerbation" ALJ errs in placing undue reliance on activities engaged in during periods of remission). Plaintiff has thus satisfied her burden to demonstrate that she meets the criteria for Listing 14.02.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). It is appropriate for a federal court to "reverse without

5

remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford*, 734 F.3d at 296.

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance, as the ALJ clearly explained his reasons for finding that plaintiff's condition did not meet Listing 14.02 but substantial evidence does not support his decision.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 21] is GRANTED and defendant's motion for judgment on the pleadings [DE 23] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this ___6___ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE